# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| In re: Ingersoll, Inc., et al.,<br>      Debtors. | Bankruptcy No. 03 B 72223<br>Adversary No. 05 A 96087<br>Chapter 11<br>Judge Manuel Barbosa |
| Ingersoll International, Inc.,<br>Ingersoll CTC Real Estate Co.,<br>and Ingersoll Cutting Tool Co. (Michigan),<br>      Plaintiffs,<br><br>v.<br><br>Iscar, Ltd., an Israeli LLC,<br>IMC Group USA, Inc.,<br>a Delaware Corporation,<br>and Ingersoll Cutting Tool Co.,<br>a Delaware corporation,<br>      Defendants. | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion for leave to file counterclaim instanter filed by defendants Iscar, Ltd., IMC Group USA, Inc., and Ingersoll Cutting Tool Co. ("Defendants"), pursuant to Fed. R. Bankr. P. 7015(a)(2) and 11 U.S.C. § 553, on April 1, 2009. For the reasons set forth herein, the Court grants leave for Defendants to file counterclaim instanter. In addition, the Court will not extend discovery deadlines without leave of court.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is an adversary proceeding brought pursuant to Fed. R. Bankr. P. 7001(4), (6). It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## FACTS AND BACKGROUND

On November 9, 2000, defendant Iscar, Ltd. purchased the assets of Ingersoll Cutting Tool Company from Ingersoll International, Inc. in an Asset Purchase Agreement ("APA") for $91.3 million, subject to post-closing adjustments. Three years later, on April 22, 2003, Ingersoll, Inc. and its affiliated debtors[1] ("Debtors") filed a voluntary bankruptcy petition under Chapter 11. The United States Trustee appointed the Official Committee of Unsecured Creditors ("UCC") on May 15, 2003. In an order dated November 5, 2003, the Court fixed the deadline to file proofs of claims by January 30, 2004. On January 5, 2005, the Court approved a global settlement that established the Creditor Trust.

On June 22, 2005, Debtors filed an adversary complaint against Iscar, Ltd, IMC Group USA, Inc., and Ingersoll Cutting Tool Company ("Defendants") under adversary number 05 A 96087 ("Cutting Tool Litigation"). On September 8, 2005, the Court entered an order to confirm the liquidation plan under Chapter 11 ("Plan"). Upon plan confirmation, the Committee disbanded and the Creditor Trust assumed administration of the Debtors' estate.

On November 20, 2007, Debtors filed its first amended complaint against Defendants. Defendants filed their answer on January 22, 2008.

In a scheduling order dated February 24, 2009, the Court set forth the following discovery deadlines: written discovery cutoff, April 30, 2009; fact discovery due by May 29, 2009; Plaintiffs' disclosures due by June 30, 2009; Defendants' disclosures due by July 31, 2009; expert discovery due by August 31, 2009; dispositive motions due by September 30, 2009; reply briefs due by November 6, 2009; and response briefs due by October 23, 2009.

On April 1, 2009, Defendants filed a motion for leave to file counterclaim instanter,

pursuant to Fed. R. Bankr. P. 7015(a)(2). Based on written and oral discovery, Defendants sought leave, pursuant to Fed. R. Bankr. P. 7015, to assert counter-claims against Debtors for recoupment and set-off. Defendants argue that their counter-claims involve the same events and subject matter as Debtors' claims in this adversary proceeding. Defendants have not filed a proof of claim for the relief sought in the proposed counterclaims against Debtors. Defendants' counter-claims for recoupment ("Count I") and set-off ("Count II") seek to recoup or set-off damages claimed by Debtors in their adversary complaint. Defendants allege that Debtors intentionally withheld and concealed the value of Debtors' intangible assets, including customer relationships, goodwill, trademarks, and non-compete agreements, prior to the APA between Debtors and Defendants.

On May 6, 2009, Debtors filed a response to Defendants' motion for leave to file counter-claims. Debtors assert that Defendants are barred from asserting a pre-petition claim because the proof of claim bar date order prohibit Defendants' counter-claims after the bar date since Defendants had actual and constructive notice of the bankruptcy claim bar date. Furthermore, Debtors argue that Defendants' counter-claims were released by Debtors' confirmed plan of reorganization. In addition, Debtors state that allowance of Defendants' counter-claims would cause undue delay and prejudice against Debtors.

On May 20, 2009, Defendants filed a reply in support of their motion for leave to file counter-claims. Defendants argue that neither the bar date order, nor the confirmed plan of reorganization, prohibit claims of recoupment and set-off. Furthermore, since Defendants' counter-claims "can be tried based on existing discovery; there will be no need to reopen written discovery or to redepose witnesses[,]" Defendants assert that there would be no undue delay or

---

[1] Debtors include Ingersoll, Inc., Ingersoll Int'l, Inc., Ingersoll Milling Mach. Co., Ingersoll CTC Real Estate Co.,

prejudice against Debtors.

## DISCUSSION

The issue is whether defendants may file a counterclaim for recoupment and set-off after the plan of reorganization has been confirmed and the claims bar date has passed.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings. Am. Bankcard Int'l Inc. v. Schlumberger Techs., Inc., No. 99 C 6434, 2002 WL 598515, at *1 (N.D. Ill. Apr. 17, 2002). Bankruptcy Rule 7015 states that Fed. R. Civ. P. 15 applies in adversary proceedings. Fed. R. Bankr. P. 7015. Rule 15 allows the court to consider claims outside those raised in the pleadings, as long as the objecting party would not be prejudiced and the trial amendment will further the consideration of the case on the merits. Disch v. Rasmussen, 417 F.3d 769, 776 (7th Cir. 2005) (citing Fed. R. Civ. P. 15(b)).

Rule 15(a) embodies a liberal approach to amendments, see Diersen v. Chicago Car Exchange, 110 F.3d 481, 489 (7th Cir. 1997), and states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The rule thus "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." Am. Bankcard Int'l Inc. v. Schlumberger Techs., Inc., No. 99 C 6434, 2002 WL 598515, at *1-2 (quoting McCarthy v. PaineWebber, Inc., 127 F.R.D. 130, 132 (N.D. Ill. 1989)); see also Stern v. United States Gypsum, Inc., 547 F.2d 1329, 1334 (7th Cir.1977) ("[T]his circuit has adopted a liberal policy respecting amendments to pleadings so that cases may be decided on the merits"). Thus,

> [i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

---

Ingersoll CM Sys., Inc., Ingersoll Automation, Inc., and Ingersoll Contract Mfg. Co.

Am. Bankcard Int'l Inc. v. Schlumberger Techs., Inc., No. 99 C 6434, 2002 WL 598515, at *1-2 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Section 553 of the Code incorporates and preserves the right of setoff available at common law. Sylvester v. Martin (In re Martin), 130 B.R. 930, 938 (Bankr. N.D. Ill. 1991) (citing United States v. Norton, 717 F.2d 767, 772 (3d Cir. 1983)). "Setoff" is a counterclaim that a defendant holds against a plaintiff that arises out of a transaction extrinsic to the plaintiff's cause of action. Id. (citing Zweck v. DP Way Corp., 234 N.W.2d 921, 925 (Wis. 1975)). It is well-established that this state law doctrine has been incorporated into bankruptcy law. Id. (citing In re Elcona Homes Corp., 863 F.2d 483, 485 (7th Cir. 1988)). Section 553, however, does not create any new right to setoff when none exists under other applicable nonbankruptcy law. Id. (citing In re Rozel Indus., Inc., 120 B.R. 944, 948 (Bankr. N.D. Ill. 1990)). Instead, section 553 merely recognizes the setoff doctrine, and adds some additional restrictions. Id. (citing Elcona, 863 F.2d at 484-85; Rozel, 120 B.R. at 948). Thus, section 553(a) recognizes the setoff doctrine with the exceptions identified in §§ 553(a)(1) through (3) and § 553(b). Id.

Section 553 provides:

> (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that--
> (1) the claim of such creditor against the debtor is disallowed;
> (2) such claim was transferred, by an entity other than the debtor, to such creditor--
> (A) after the commencement of the case; or
> (B)(i) after 90 days before the date of the filing of the petition; and
> (ii) while the debtor was insolvent (except for a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, or 561); or
> (3) the debt owed to the debtor by such creditor was incurred by such

creditor--
    (A) after 90 days before the date of the filing of the petition;
    (B) while the debtor was insolvent; and
    (C) for the purpose of obtaining a right of setoff against the debtor (except for a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, or 561).
    (b)(1) Except with respect to a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, 561, 365(h), 546(h), or 365(i)(2) of this title, if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of--
    (A) 90 days before the date of the filing of the petition; and
    (B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.

11 U.S.C. § 553. Thus, section 553(a) recognizes and preserves rights of setoff where four conditions exist: (1) the creditor holds a "claim" against the debtor that arose before the commencement of the case; (2) the creditor owes a "debt" to the debtor that also arose before the commencement of the case; (3) the claim and debt are "mutual;" (4) the claim and debt are each valid and enforceable. 5 COLLIER ON BANKRUPTCY ¶ 553.01[1] (15th ed. 2008); see also Martin, 130 B.R. at 938.

There is a split among the circuits on whether defendants may file a counterclaim for recoupment and set-off after the plan of reorganization has been confirmed and the claims bar date has passed. In the "majority" approach, courts have allowed defendants to assert the right of setoff after confirmation of a plan of reorganization and even if a proof of claim has not been filed. See In re De Laurentiis Entertainment Group Inc., 963 F.2d 1269 (9th Cir. 1992) (supremacy of § 553 language and structure, equitable considerations), cert. denied, 506 U.S. 918 (1992); In re Davidovich, 901 F.2d 1533, 1539 (10th Cir. 1990) (principles of fairness); In re Bare, 284 B.R. 870, 874 (Bankr. N.D. Ill. 2002) (reservation against court interference with

setoff rights; equitable considerations); United States v. Munson, 248 B.R. 343, 346 (C.D. Ill. 2000). In the "minority" approach, some courts have held that, under 11 U.S.C. § 1141, the confirmation of a debtor's plan without a timely filed proof of claim extinguishes the right of setoff, pursuant to 11 U.S.C. 553, because it protracts bankruptcy proceedings, disrupts the plan of reorganization, consumes judicial resources, and causes undue prejudice to other creditors and the debtor. See United States v. Continental Airlines (In re Continental Airlines), 134 F.3d 536, 542 (3d Cir. 1998), cert. denied sub nom. 525 U.S. 929 (1998). In either approach, a defendant asserting a counter-claim for recoupment or set-off may not obtain a recovery above the amount of the debt. See 5 COLLIER ON BANKRUPTCY ¶ 553.08[2].

The Court agrees with the "majority" approach, and, thus, Defendants, pursuant to Fed. R. Bankr. P. 7015, may file counter-claims for recoupment or set-off after the plan of reorganization has been confirmed and the claims bar date has passed. Since Defendants' counter-claims "can be tried based on existing discovery; there will be no need to reopen written discovery or to redepose witnesses[,]" the Court finds that there would be no undue delay or prejudice against Debtors. In the interests of fairness, Defendants should be allowed leave to file counter-claims to recoup or set-off damages claimed by Debtors in their adversary complaint based on Defendants' allegations that Debtors intentionally withheld and concealed the value of Debtors' intangible assets, including customer relationships, goodwill, trademarks, and non-compete agreements, prior to the APA between Debtors and Defendants. Under 11 U.S.C. § 553, Defendants' counter-claims for recoupment or set-off may not obtain recovery above the amount of the debt. In light of the nine years since the APA transaction, the four years into this adversarial proceeding, the extended discovery deadlines set forth in the scheduling order dated February 24, 2009, and Defendants own admission that the counter-claims "can be tried based on

existing discovery; there will be no need to reopen written discovery or to redepose witnesses[,]" the Court will not extend discovery deadlines without leave of court.

## CONCLUSION

For the foregoing reasons, the Court grants leave for Defendants to file counterclaim instanter. In addition, the Court will not extend discovery deadlines without leave of court.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: July 22, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge